# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2026

Lyle W. Cayce
Clerk

No. 25-20428

Frontier Custom Builders, Incorporated,

*Plaintiff—Appellant*,

*versus*

Kinsale Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-832

Before King, Smith, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Frontier Custom Buildings, Incorporated ("Frontier") appeals the district court's finding that exclusions in an insurance policy issued by Kinsale Insurance Company ("Kinsale") precluded coverage for defense and indemnity in an arbitration action. Because the district court's brief order does not permit reasoned consideration of its ruling, we REMAND for further clarification.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20428

I

Frontier, a home builder, sought defense and indemnity under its commercial general liability policies after homeowners filed an arbitration action alleging construction defects, including improper installation of the HVAC system that resulted in a leak. The policies provide for coverage of "sums that [Frontier] becomes legally obligated to pay as damages because of . . . 'property damage'" caused by an "occurrence" within the "coverage territory" during the policy period. And Kinsale has a "duty to defend" Frontier "against any 'suit' seeking those damages," except "those to which this insurance does not apply." The policies also contain numerous exclusions, including 2.j(1), which excludes coverage for "property damage" to property "own[ed], rent[ed], or occup[ied]" by Frontier. Kinsale denied Frontier's demand for defense and indemnity, contending that the homeowners' claims were not covered by the policies.

Frontier sued Kinsale for alleged breach of contract, declaratory relief, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code, the Prompt Payment of Claims Act, and the Texas Deceptive Trade Practices Act ("DTPA"). Kinsale moved for summary judgment, arguing it had no obligation to defend or indemnify Frontier in the arbitration because (1) the homeowners' claims did not allege "property damage" caused by an "occurrence" during the policy period; (2) Frontier owned the lot upon which the home was built, and exclusion 2.j(1) barred coverage for damages to property owned by Frontier; and (3) other exclusions barred coverage for defects in Frontier's work and damages due

2

to fungi, bacteria, and pollutants. As a result, it claimed, Frontier's remaining claims also failed as a matter of law.[1]

Frontier responded that exclusion 2.j(1) did not apply because it only held "legal title" to the property, and the property was not listed on the policies' Declarations page under the section titled "All Premises You Own, Rent or Occupy." Frontier also argued its ownership interest in the home was extrinsic evidence that Kinsale was not permitted to consider when evaluating its duty to defend.

The district court found that because "Kinsale promptly paid the vast majority of the appraisal award," Frontier's breach of contract claim was precluded, and it granted summary judgment for Kinsale on all claims. Frontier moved for reconsideration under Federal Rule of Civil Procedure 59(e), alleging that the summary judgment was based on incorrect facts. In two paragraphs, the court "acknowledge[d] th[e] factual inaccuracy" but found it did "not alter the ultimate resolution of the case" because,

> [f]or reasons independent of those referenced in the Courts [sic] prior Opinion, this case remains subject to dismissal pursuant to Kinsale's motion for summary judgment and the grounds set forth therein. Among those grounds are the policy exclusions that preclude coverage for property damage to property owned by the insured. Because Frontier retained legal title to the property during construction, this exclusion applies, barring coverage for both a defense and for indemnity. Consequently, as there is no coverage under the policy, Frontier's extra-contractual claims necessarily fail as a matter of law, including alleged violations of the Texas Insurance

---

[1] The arbitration panel ultimately awarded the homeowners $213,314.09 for damages, attorneys fees, and arbitration costs.

No. 25-20428

Code, breach of duty of good faith and fair dealing, DTPA
claims, and claims under the Prompt Payment of Claims Act.

Frontier timely appealed.

## II

"We review a grant of summary judgment *de novo*, applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013). We also review *de novo* the denial of a Rule 59(e) motion to alter or amend a judgment "that is solely a motion to reconsider a judgment on its merits." *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 749 (5th Cir. 2006). Accordingly, our analysis of the district court's grant of summary judgment applies equally to its denial of the Rule 59(e) motion. *See Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 616 n.6 (5th Cir. 2020).

## III

When ruling on a summary judgment motion, the district court "should state on the record the reasons for granting or denying the motion." FED. R. CIV. P. 56(a). This court has on several occasions "emphasized the importance of a detailed discussion by the trial judge." *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 283 (5th Cir. 1984). "A statement of reasons for granting summary judgment usually proves 'not only helpful, but essential.'" *Baker v. TDCJ-CID*, 774 F. App'x 198, 199 (5th Cir. 2019) (quoting *id.*). When we are unable to discern the basis for a district court's decision because its reasoning is vague or unexplained, "there is little opportunity for effective review." *McIncrow v. Harris Cnty.*, 878 F.2d 835, 836 (5th Cir. 1989) (quoting *Myers*, 731 F.2d at 284). "In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Id.*; *see, e.g.*, *United States v. Lipar*, 665 F.

No. 25-20428

App'x 322, 325 (5th Cir. 2016) ("Because the district court's opinion insufficiently articulates the 'basis of its ruling,' we remand this issue for further clarification." (citation omitted)); *Liberty Mut. Ins. Co. v. Brown*, 86 F. App'x 718, 719 (5th Cir. 2004) (remanding to the district court "for the limited purpose of permitting that court to state the reasons for its decision" where defendants "offered six arguments in support of their motion to dismiss or alternatively for summary judgment" and the district court granted the motion "without any statement of supporting reasons").

Here, the district court granted Kinsale's motion for summary judgment based on "the grounds set forth therein," including "the policy exclusions that preclude coverage for property damage to property owned by the insured." Its brief order does not include any citation to authority or meaningful analysis. For example, the district court did not explain the basis for its conclusion that, under Texas law, the exclusion applies when the insured holds only "legal title" to real property.[2] This issue does not appear to have been addressed by any Texas or federal court. And the district court did not address Frontier's argument in its opposition to the motion for summary judgment that its ownership of the property was not relevant to Kinsale's duty to defend under Texas's "eight-corners rule."[3] Without further "illumination" of the district court's basis for granting summary

---

[2] Under Texas property law, "legal title" is "title that evidences apparent ownership but does not necessarily signify full and complete title or a beneficial interest," and "equitable title" is "title that indicates a beneficial interest in property and that gives the holder the right to acquire formal legal title." *Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied) (citation omitted).

[3] "[U]nder Texas's well-established eight-corners rule, an insurer's 'duty to defend is determined by the claims alleged in the petition and the coverage provided in the policy.'" *State Farm Lloyds v. Richards*, 966 F.3d 389, 392 (5th Cir. 2020) (quoting *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)).

No. 25-20428

judgment, "we cannot adequately review its decision." *Myers*, 731 F.2d at 284.

Accordingly, this case is REMANDED to the district court for the limited purpose of providing further clarification.[4] We retain jurisdiction over the appeal except for the purposes of this limited remand, and the case shall be returned to this panel.

_____

[4] We express no opinion as to the correctness of the district court's conclusion that summary judgment should be granted.